**Exhibit 2**

# Code of Conduct

Last Revised:
April 2015
Review Date:
April 2018
Policy Owner:
Student Life
Contact Name:
Peter Paquette
Contact Title:
Director of the Office of Student Integrity
Contact Email:
peter.paquette@vpss.gatech.edu
Policy Statement:

The most current Student Code of Conduct can be found on the Office of Student Integrity Web site as listed in the References. In the event of any conflict, the Code found on the Web site will govern.

A. General
B. Prohibited Academic Conduct
C. Prohibited Non-Academic Conduct
D. Student Code of Conduct Procedures
E. Sanctions
F. Interim Suspension
G. Appeal Procedures
H. Record Keeping and Release of Information
I. References

## A. GENERAL

**1. Purpose**
The Student Code of Conduct educates all members of the Georgia Tech Community about the Institute's expectations and Students' rights, and creates a standard by which Students are expected to conduct themselves for the purpose of establishing an environment conducive to academic excellence.

**2. Definitions**.
When used in this Code:

"*Accused*" means a Student, Group, or Organization who is alleged to be in violation of the Student Code of Conduct.

"*Administrative Conference*" refers to the meeting between the Accused and the Student Conduct Administrator that occurs during an investigation. An Administrative Resolution may be offered during this conference.

"*Administrative Resolution*" refers to a decision by a Student Conduct Administrator that will result in the Accused either being found responsible or not for the alleged violation.

*"Advisor"* refers to an individual who assists a participant with the Student Conduct process. Attorneys at law are not allowed to serve as Advisors to Complainant(s) or Accused(s) unless the Student or Students are subject to criminal prosecution or the parent/legal guardian is the attorney.

*"Appellate Officer"* means the person authorized by the Institute to consider an appeal of a disciplinary decision rendered by a Student Conduct Administrator, a Student Conduct Panel, or the Dean of Students.

*"Business day"* means any day in which the Institute is open for its full hours of operation, in accordance with the Institute's official calendars. All campuses will follow their respective calendars. When an authorized Institute Official closes the Institute, it will not be considered an official business day.

*"Chairperson"* means a member of a Student Conduct Panel who is identified by the Institute to oversee the proceedings during a hearing.

*"Complainant"* means any person who submits a complaint to OSI alleging that a Student or Organization violated the Student Code of Conduct, or anyone who has been affected by the alleged misconduct.

*"Community"* includes any Student, Faculty member, Institute Official, or any other person employed by the Institute. A person's status in a particular situation shall be determined by the Dean of Students.

*"Faculty Member"* means any person hired by the Institute to conduct classroom, teaching, or research activities or who is otherwise considered by the Institute to be a member of its Faculty, except as otherwise provided in Section D.5.c.

*"Group"* means a number of persons who are associated with each other, but who have not complied with Institute requirements for registration as an Organization.

*"Group or Organization Activity"* means any activity on or off Institute Premises that is directly initiated for, or supervised by a Group or Organization including any individual activity occurring in buildings, facilities, grounds, utilities, or resources (including computer resources) owned, leased, operated, controlled, or supervised by an Institute Organization.

*"Hazing"* is conduct, whether on or off Institute property, which exceeds the normal expectations of the organizational purpose or mission and which a) endangers the mental or physical health or safety of a student as a condition of affiliation with a group or organization and/or b) which is sufficiently severe or pervasive enough to interfere with academic responsibilities.

*"Information"* means any Witness testimony, documents, statements, or tangible material presented to a Student Conduct Administrator or Student Conduct Panel.

*"Institute" and "Georgia Tech"* each refer to the Georgia Institute of Technology and all of its undergraduate, graduate, and professional schools, divisions, and programs.

*"Institute Official"* is defined as faculty, administration, or staff personnel including Students serving as Institute employees.

*"Institute Premises"* includes all land buildings, facilities, grounds, utilities, resources, and other property (including computer resources) in the possession of, or owned, operated, leased, controlled, or supervised by the Institute (including adjacent streets and sidewalks).

*"May"* is used in the permissive sense.

*"Office of Student Integrity" or "OSI"* means the office designated by the Institute to oversee the Student Code of Conduct.

*"Organization"* means a number of persons who have complied with, or are in process of complying with the requirements for chartering.

*"Policy" or "Policies"* means any written rule or regulation of the Institute.

*"Preponderance of the Evidence"* means it is more likely than not that the Accused is responsible for a violation of the Student Code of Conduct.

*"President"* means Georgia Institute of Technology or his/her designee.

*"Sanction" and "Supplementary Requirements"* means the conditions imposed upon an Accused found responsible for a violation of the Student Code of Conduct.

*"Student"* means any person who is taking or auditing classes of the Institute, either full-time or part-time; is participating in academic programs; or is pursuing undergraduate, graduate, or professional studies. A Student is also any person who matriculates in any Institute program, has been accepted for enrollment, or is eligible to reenroll without applying for readmission.

*"Student Conduct Administrator"* means an Institute Official authorized on a case-by-case basis by the Dean of Students to impose Sanctions upon any Student(s) found to have violated the Student Code of Conduct.

*"Student Conduct Panel"* means a set of persons authorized by the Institute to determine whether the Accused has violated the Student Code of Conduct. In academic cases, the Panel makes a decision to be implemented by OSI. In non-academic cases, the Panel recommends a decision and Sanctions, if applicable, to the Director of Student Integrity.

*"Weapon"* means any object or substance designed, intended, or used to inflict or threaten bodily injury.

*"Will" and "shall"* are used in the imperative sense.

*"Witness"* is defined as a person providing Information during the Conduct process.

**3. Authority**

a. This Code is not written with the specificity of a criminal statute and should not be confused with criminal law. Institute conduct proceedings are not restricted by the rules of evidence governing criminal and civil proceedings. Students may be held accountable both to civil authorities and the Institute for acts that constitute violations of law and the Code. Proceedings under this Code may be carried out prior to, simultaneously with, or following civil or criminal proceedings. Students who reside in Institute housing will be held accountable under housing policies and procedures in addition to this Code.

b. OSI shall develop consistent operating procedures for the administration of the Student Code of Conduct process and for the conduct of Student Conduct Panel hearings.

c. Interpretation of the Student Code of Conduct is held by the Dean of Students.

d. In any instance in which reference is made to an official of the Institute, such reference shall mean the official or his/her designee.

**4. Jurisdiction**

a. The Institute reserves the righ[illegible] take necessary and appropriate ac[illegible] to protect the safety and well-being of the community. Academic misconduct relevant to any Institute activity will be addressed regardless of where it may have occurred. Non-academic misconduct will be addressed whenever such acts:

i. occur on Institute Premises; or
ii. occur at Institute sponsored activities; or
iii. occur at Group or Organization Activities; or
iv. occur off Institute Premises when conduct adversely affects the Institute and/or the pursuit of its objectives.

b. Each Student shall be responsible for his/her conduct from the time of application for admission through the actual awarding of a degree. This includes conduct that may occur before classes begin or after classes end, as well as during the academic year and during periods between terms of actual enrollment. The Code shall apply to a Student's conduct even if the Student withdraws from school while a disciplinary matter is pending. The Code applies to Institute programs in remote and overseas locations.

c. The Institute shall retain jurisdiction over all Students irrespective of when the Student is subject to tenets of an agreement with other schools.

**5. Inappropriate Classroom Behavior**
The primary responsibility for managing the classroom environment rests with the instructor. Students who engage in any acts that result in disruption of a class may be directed by the instructor to leave the class for the remainder of the class period. Longer suspensions from a class can be administered only by the Dean of Students in accordance with this Code.

**6. Student Organizational Discipline**
Student Organizations are accountable to this Code. A Student Organization and its officers may be held collectively and individually responsible when violations of this Code by those associated with the Organization have received the consent or encouragement of the Organization, or of the Organization's leaders or officers.

## B. PROHIBITED ACADEMIC CONDUCT

Any Student accused of committing or attempting to commit one or more of the following acts of academic misconduct is subject to conduct procedures in accordance with Section D.

1. Unauthorized Access: Possessing, using, or exchanging improperly acquired written or verbal information in the preparation of a problem set, laboratory report, essay, examination, or other academic assignment.

2. Unauthorized Collaboration: Unauthorized interaction with another Student or Students in the fulfillment of academic requirements.

3. Plagiarism: Submission of material that is wholly or substantially identical to that created or published by another person or persons, without adequate credit notations indicating the authorship.

4. False Claims of Performance: False claims for work that has been submitted by a Student.

5. Grade Alteration: Alteration of any academic grade or rating so as to obtain unearned academic credit.

6. Deliberate Falsification: Deliberate falsification of a written or verbal statement of fact to a Faculty

member and/or Institute Official as to obtain unearned academic credit.

7. Forgery: Forgery, alteration, or misuse of any Institute document relating to the academic status of the Student.

8. Distortion: Any act that distorts, or could distort grades or other academic records.

9. Intellectual Property: The unauthorized use of an instructor's intellectual property, including marketing and selling, is prohibited (such properties may include power point presentations, lecture notes (any media), examination questions, study guides, etc.).

## C. PROHIBITED NON-ACADEMIC CONDUCT

Any Student accused of committing or attempting to commit one or more of the following acts of non-academic misconduct is subject to conduct procedures in accordance with Section D. Any Student Organization accused of committing or attempting to commit one or more of the following acts of non-academic misconduct is subject to conduct procedures in accordance with the Addendum "Student Organization Code of Conduct Procedures."

1. Alcohol violations including, but not limited to:

   a. Underage use or possession of alcohol.
   b. Possession or consumption of alcohol in an unauthorized area.
   c. Use or possession of fake identification.
   d. Distribution of alcohol to underage person(s).
   e. Behavior, while under the influence of alcohol that endangers any person.
   f. Disorderly conduct associated with the use of alcoholic beverages.

2. Illegal drugs and other substance violations including, but not limited to:

   a. Use or possession of illegal drugs (without valid medical or dental prescription).
   b. Behavior, while under the influence of illegal drugs, that endangers any person.
   c. Manufacturing, furnishing, selling, or distributing of any narcotic or dangerous drug controlled by law.
   d. Disorderly conduct associated with the use of illegal drugs.

3. Unjustifiably pushing, striking, or otherwise intentionally causing reasonable apprehension of such harm to any person.

4. Disorderly conduct including, but not limited to:

   a. Boisterousness, rowdiness, obscene, or indecent conduct or appearance.
   b. Obstruction or disruption of teaching, research, administration, or other Institute activities, including its public service functions or other authorized activities.
   c. Breach of the peace.

5. Behavior that endangers any person(s), including self.

6. Unauthorized use of Institute facilities or premises including:

   a. Unauthorized entry into any Institute Premises or remaining without permission in any building after normal closing hours.
   b. Possessing, using, making, or causing to be made any key or other means of access to any

Institute Premises without proper authorization.

7. Furnishing false information to any Institute Official.

8. Forgery, alteration, replication, or misuse of any document, record, or identification upon which the Institute relies, regardless of the medium.

9. "Hazing" is conduct, whether on or off Institute property, which exceeds the normal expectations of the organizational purpose or mission and which a) endangers the mental or physical health or safety of a student as a condition of affiliation with a group or organization and/or b) which is sufficiently severe or pervasive enough to interfere with academic responsibilities.

10. Safety violations, including, but not limited to:

a. Intentionally initiating or causing to be initiated any false reporting, warning or threat of fire, explosion, or other emergency.
b. Tampering with safety devices or other emergency, safety, or firefighting equipment.
c. Setting or attempting to set an unauthorized fire.
d. Unauthorized possession of fireworks, firearms, and/or ammunition.
e. Unauthorized possession of weapons and/or dangerous materials or chemicals.
f. Unauthorized sale, possession, furnishing, or use of any bomb or explosive or incendiary device.

11. Theft and/or unauthorized possession or use of property or services belonging to the Institute, another person, or any other entity.

12. Malicious or unauthorized damage to or destruction of Institute property or property belonging to another.

13. Illegal gambling, including online gambling.

14. Failure to return or submit property or records of the Institute within the time prescribed by the Institute.

15. Acting with any other person to perform an unlawful act or to violate an Institute regulation or Policy.

16. Failure to comply with instructions or a directive of any properly identified Institute Official while that person is acting in the performance of his/her duties.

17. Abuse of the Student Code of Conduct Procedures including, but not limited to:

a. Failure to cooperate with the investigation, resolution, and procedures of the Student Code of Conduct.
b. Falsification, distortion, or misrepresentation of Information before a Student Conduct Administrator or Student Conduct Panel.
c. Disruption or interference with the orderly conduct of an Administrative Conference and/or a Student Conduct Panel proceeding.
d. Attempting to influence the impartiality of a Student Conduct Administrator and/or a member of a Student Conduct Panel at any point in the Student Conduct process.
e. Failure to comply with the Sanction and/or Supplementary Requirements imposed under the Student Code of Conduct.
f. Influencing or attempting to influence another person to commit an abuse of the Student Conduct process.

18. Violation of the Georgia Ins( ) of Technology Computer and N( )rk Usage and Security Policy.

19. Harassing another person including, but not limited to:
Placing another person in reasonable fear of his/her personal safety through words or actions directed at that person, or substantially interfering with the working, learning, or living environment of the person.

20. Violation of the Georgia Institute of Technology Sexual Harassment & Misconduct Policy

21. Violation of any Georgia Institute of Technology policy, rule or regulation.

22. Violation of any Board of Regent's policy and/or federal, state, or local law.

23. Discriminatory conduct including

a. objectively offensive conduct directed at a particular person or persons based upon that person or persons' race, color, religion, sex, national origin, age, disability, sexual orientation, gender identity, veteran status, or any class protected by law that creates a hostile environment or that results in excluding participation in, or denies the benefits of any educational program or working opportunity for that person or persons.
b. verbal or written threats, coercion or any other conduct that is based on race, color, religion, sex, national origin, age, disability, sexual orientation, gender identity, veteran status, or any class protected by law, that by design, intent or recklessness incites reasonable fear of physical harm or otherwise unreasonably interferes with another's ability or opportunity to participate in work, education, research, living, or other activities.

## D. STUDENT CODE OF CONDUCT PROCEDURES

### 1. Case Referrals

Any person may file a complaint against a Student for violations of the Student Code of Conduct. The complaint shall be prepared in writing and directed to OSI or, in academic cases, the instructor of record may hold a Faculty Conference (see Section D.5.c.). The procedures for filing a complaint can be found on the OSI Web site as listed in Section I. This complaint should be submitted as soon as possible after the event takes place or when it is reasonably discovered, no later than thirty (30) business days following the discovery of the incident. Any supporting documentation related to a submitted case should be forwarded to OSI within ten (10) business days of the original submission or OSI may process the case solely on the original complaint. Resolution to any case should be made within thirty (30) business days of OSI's first request to meet with the Accused. If resolution cannot be reached in thirty (30) business days, OSI will communicate with the accused and complainant during the process. OSI may waive this timeline for extenuating circumstances.

### 2. Communication

All communication (requests for meetings, notifications, notice of hearings, etc.) will be provided via official Institute e-mail addresses, as defined by the Office of Information Technology. If the Accused is not currently enrolled, the notification will be sent via U.S. Postal Service to the last known address on file with the Registrar.

### 3. Rights of the Accused

Throughout the Conduct process, the Accused is granted the following rights:

a. to seek information from a Student Conduct Administrator about the Investigation and Resolution Process;
b. to be informed of the charge(s) and alleged misconduct upon which the charge is based;
c. to be informed of the Information upon which a charge is based and afforded an opportunity to

offer a relevant response;
d. to be accompanied by an Advisor of his/her choice;
e. to remain silent with no inference of responsibility drawn;
f. to call and question relevant Witnesses;
g. to present Information in his/her behalf;
h. to be considered not responsible until proven responsible by a Preponderance of the Evidence;
i. to be informed of the outcome of the disciplinary proceeding in writing;
j. to appeal the decision; k. to waive any of the above rights;
l. to have resolution of the case within a reasonable time.

**4. Investigation and Resolution Process**
The Institute's Conduct process utilizes an investigatory model, not an adversarial model, in resolving allegations of misconduct with the primary goal of uncovering the truth. The standard of proof shall be a Preponderance of the Evidence. An investigation begins when a complaint is forwarded and the case is opened by OSI. During the investigation, a Student should continue to attend class and required Institute functions unless otherwise instructed by the Dean of Students. The investigation and resolution process are as follows:

a. After OSI receives a complaint, the conduct administrator will review the information to decide what, if any process to initiate. The Student Conduct Administrator will:

- initiate conduct proceedings by sending the Student a notice;
- resolve the situation through an informal resolution process including, but not limited to, mediation or a meeting between the Accused and a Student Conduct Administrator or a third party; or
- determine that the facts of the complaint or report, even if true, would not constitute a violation of policy.

If the Student Conduct Administrator initiates a process, the Accused is formally notified and is requested to contact a Student Conduct Administrator within five (5) business days of the notification to schedule an Administrative Conference. The Accused may submit a list of desired Witnesses to the Student Conduct Administrator no later than 48 hours prior to the Administrative Conference. Should the Accused fail to contact the Student Conduct Administrator within the required time frame, or fail to attend the Administrative Conference, the Student Conduct Administrator may determine the resolution of the case in the Student's absence, or may refer the case to a Student Conduct Panel.

b. At the Administrative Conference, the Accused is presented with the alleged violation of the Student Code of Conduct, supporting Information and an explanation of his/her rights. The Student will be allowed to designate a preference for a decision to be rendered by the Student Conduct Administrator or by a Student Conduct Panel. Ordinarily, the Student's preference will be honored. However, OSI reserves the right to determine the process to be used based on the circumstances, including but not limited to:

- imminent graduation of the Student;
- end of the semester;
- extraordinary circumstances.

A decision of OSI not to honor the Accused Student's preference will be made in consultation with the Dean of Students, who will make a final determination. The Student's reasons for his/her original preference may be conveyed, either in written or verbal form, to the Dean of Students. If the Student preference is not honored, the rationale for such will be provided to the Student in writing.

c. If the case is adjudicated by the Student Conduct Administrator, the Student Conduct Administrator offers the Accused the opportunity to provide his/her statement regarding the alleged misconduct,

supporting Information, and Wi( )es. Accused Students may bring ( )dvisor. However, if the Advisor disrupts the investigation and resolution process, he/she may be asked to leave. The Student Conduct Administrator continues the investigation as necessary by meeting with the Complainant(s) and Witnesses and gathering additional Information. If the Student Conduct Administrator determines that the Witness (including faculty or staff) may have relevant Information, s/he will make a good faith effort to contact such Witnesses to obtain a statement from them. The investigation will be completed in an expeditious fashion. Upon the conclusion of the investigation, the Student Conduct Administrator will render a decision, which will be communicated to the Student via the Student's Institute e-mail address.

d. If the case is to be adjudicated by the Student Conduct Panel, the case shall be referred to the Student Conduct Panel and follow the procedures outlined in Section D.5.b.

**5. Forms of Case Resolution**

**a. Administrative Resolution**
The Student Conduct Administrator renders a decision of 1) Not Responsible, which closes the case, or 2) Responsible for one or more violations with an appropriate Sanction, and, as warranted, one or more from among the Supplementary Requirements. The Accused, after being notified of the Student Conduct Administrator's decision, may submit an appeal to the Dean of Students according to appeal procedures described in Section G.

**b. Student Conduct Panel**
The Student Conduct Panel is convened only when either the Student Conduct Administrator or the Accused elects this form of resolution.

**1. Decisions and Sanctions for Academic Cases**
The Student Conduct Panel, after convening a hearing, renders a decision of 1) Not Responsible, which closes the case, or 2) Responsible for one or more violations of the Student Code of Conduct with an appropriate Sanction and, as warranted, one or more from among the Supplementary Requirements. The Accused, after being notified of the decision, may submit an appeal to the Dean of Students according to appeal procedures described in Section G.

**2. Decisions and Sanctions for Non-academic Cases**
The Student Conduct Panel, after convening a hearing, recommends a disciplinary decision to the Director of Student Integrity. The Director of Student Integrity, after reviewing the case, renders a decision of 1) Not Responsible, which closes the case, or 2) Responsible for one or more violations of the Student Code of Conduct with an appropriate Sanction and, as warranted, one or more from among the Supplementary Requirements. The Accused, after being notified of the decision and Sanction, may appeal to the Dean of Students, according to appeal procedures described in Section G.

**3. Scheduling of Student Conduct Panel Hearing**
After the case is forwarded to a Student Conduct Panel, the Complainant and the Accused will be notified of available dates and times for a hearing. The Accused may indicate preferences from among the available dates and times. These preferences will be considered by OSI if received within three (3) business days of the date the options were presented to the Accused.

This official notice will be provided at least five (5) business days prior to the hearing and will include the time, date, and location of the hearing. In addition, the notice will specify the Complainant(s), Witnesses(s), and nature of the alleged misconduct. The Accused may waive the notification timeline in order to expedite the hearing process. Upon request, the Accused may meet

with a Student Conduct Administrator to review Information and hearing procedures.

### 6. Hearing Participants and Attendees

- Student Conduct Panel hearings shall ordinarily be closed except for the Accused(s), the Complainant(s), Advisor(s), and Witnesses. Exceptions may be made at the discretion of the Chairperson. Witnesses are allowed at the discretion of the Chairperson. The Chairperson may exclude any person, including the Accused, who disrupts a hearing.
- An Accused Student who fails to appear after proper notice will be deemed to have responded "Not Responsible" to the charges against him/her and to have exercised the right to remain silent without prejudice. At the discretion of the Chairperson the hearing may be conducted in the absence of the Student(s) and all the Information regarding the alleged misconduct shall be presented and considered.
- The Complainant(s) and Accused(s) have the right to be accompanied by an Advisor. The Complainant(s) and/or Accused(s) should select an Advisor who can attend the hearing at the scheduled date and time. Delays are not usually granted due to scheduling conflicts of an Advisor.
- Subject to the Chairperson's control of the hearing, the Complainant(s), Accused(s), and their Advisor(s), shall be allowed to attend the Student Conduct Panel hearing, but not Panel deliberations.
- In Student Conduct Panel hearings involving more than one Accused, OSI may permit the Student Conduct Panel hearings concerning each Student to be conducted either separately or jointly.
- A maximum of two (2) character Witnesses will be allowed in a hearing.

### 7. Hearing Procedures

- The Chairperson shall exercise control over the proceedings to achieve orderly completion of the hearing.
- Advisors are restricted to private communications with their advisee(s). However, if the Advisor disrupts the investigation and resolution process, he/she may be asked to leave.
- All questions by the Complainant(s) and Accused(s) must be directed to the Chairperson, rather than to the Witness directly. Questions of whether potential Information will be received shall be resolved at the discretion of the Chairperson.
- In addition to the Information provided by OSI, the Student Conduct Panel, at the discretion of the Chairperson, may accept additional pertinent Information and testimony (including impact statements). Any letters of recommendation submitted by the Accused will be admitted for consideration at the discretion of the Chairperson and, if admitted, will be viewed only during Panel deliberations.
- All procedural questions arising during the hearing are subject to the final decision of the Chairperson.
- The Student Conduct Panel's standard of proof shall be a Preponderance of the Evidence.
- The Student Conduct Panel in consultation with OSI, may reasonably accommodate concerns for the personal safety, well-being, and/or fears of confrontation of the Complainant(s), Accused(s), and/or Witnesses during the hearing.
- The Student Conduct Panel shall make a recording and/or summary transcription of the proceeding, which will serve as the official record of the hearing. No other recording will be permitted. The Accused or the Complainant may request a copy of the Institute's recording upon payment of the cost to reproduce the recording, or may listen to the original recording in a location designated by OSI at no charge. The record shall be the property of the Institute.

### c. Faculty Conference (optional academic case resolution)

A faculty conference is an optional way in which an alleged act of academic misconduct can be resolved.

**1. Initiation of Complaint**
The Faculty Conference is initiated by the instructor of record, who requests the meeting with the Accused to discuss the alleged misconduct. Should the Accused not choose to participate in a Faculty Conference, the instructor should forward the case to OSI for investigation.

**2. Participants**
The Faculty Conference involves the instructor of record and the Accused. The Faculty Conference may also involve Witnesses and a representative from OSI if requested by either the instructor or the Accused.

**3. Process**
During the Faculty Conference, the instructor of record explains the alleged misconduct, supporting Information, and the Rights of the Accused. The Accused has the opportunity to provide 1) his/her response to alleged misconduct, 2) supporting Information, and 3) Witnesses.

**4. Conclusion**

- If the instructor finds the Accused not responsible, the case is closed.
- If the instructor finds the Accused responsible, but the Accused does not admit responsibility, the instructor forwards the case to OSI for investigation.
- If the instructor finds the Accused responsible, and the Accused acknowledges responsibility, the instructor proposes a Faculty Resolution including 1) a Sanction of Disciplinary Warning, or Disciplinary Probation, 2) a grade penalty, and 3) an educational component.
- If the Accused agrees to the Faculty Resolution, the Faculty Member forwards the resolution to OSI for consideration. OSI will determine if the Accused has prior disciplinary history. If so, in the case will be investigated by OSI, in accordance with Section D.4.
- If the Accused does not agree to the Faculty Resolution, the Faculty Member forwards the case to OSI.

**5. Implementation**

- The Accused is formally notified of the proposed Faculty Resolution by OSI, according to the communication guidelines in Section D.2.
- The Faculty resolution goes into effect upon delivery unless the Accused requests within five (5) business days that the case be forwarded to OSI for investigation.

**b. Alternative Dispute Resolution**
At the sole discretion of OSI, cases may be assigned for Alternative Dispute Resolution (ADR). If the ADR is not agreed to by both parties, the remaining forums may adjudicate the case. Results of the ADR proceedings do not result in formal disciplinary records.

## E. SANCTIONS

Sanctions are imposed only when the Accused is found responsible for one (1) or more violations of the Student Code of Conduct. Sanctions are determined by the severity of the case and the disciplinary history of the Accused(s). An Accused who is found responsible must be given one of the five (5) Sanctions, listed in Section E1 in ascending order of severity. In addition the Accused may be subject to one or more Supplementary Requirements.

**1. Sanction Descriptions**

**a. Disciplinary Warning**
A Disciplinary Warning means that the Student has been found responsible for violating the

Institute's Code of Condu[illegible] any further disciplinary violation [illegible] result in disciplinary action up to, and including Expulsion. Disciplinary Warning is officially recorded in the Student's disciplinary file.

**b. Disciplinary Probation**

Disciplinary Probation means that the Student has been found responsible for violating the Institute's Code of Conduct. Disciplinary Probation is for a specified period of time. Any further disciplinary violation may result in disciplinary action up to, and including Expulsion. Disciplinary Probation is officially recorded in the Student's disciplinary file.

**c. Suspension Held in Abeyance**

Suspension Held in Abeyance means that the Student has been found responsible for violating the Institute's Code of Conduct. Suspension Held in Abeyance is for a specified period of time. During the time of Suspension Held in Abeyance, involvement at the Institute is restricted to 1) academic activities and 2) non-academic activities specifically approved by the Office of Student Integrity. A Student who is found responsible for violating the Student Code of Conduct while under Suspension Held in Abeyance will be given immediate Suspension or Expulsion. Suspension Held in Abeyance is officially recorded in the Student's disciplinary file.

**d. Suspension**

Suspension means that the Student has been found responsible for violating the Institute's Code of Conduct. Suspension is exclusion for a specified period of time from the Institute Premises, and other privileges or activities as determined by the Office of Student Integrity. A suspended Student shall immediately leave campus and cannot re-enter campus without prior approval from the Office of Student Integrity. The Dean of Students will determine when the Accused has met the requirements for readmission. Any further disciplinary violation may result in disciplinary action up to, and including Expulsion. Suspension is officially recorded in the Student's disciplinary file.

**e. Expulsion**

Expulsion means that the Student has been found responsible for violating the Institute's Code of Conduct. Expulsion is permanent separation and termination of the Accused's status as a Georgia Tech Student, and exclusion from Institute Premises, privileges, and activities. Expulsion is officially recorded in the Student's disciplinary file.

**2. Supplementary Requirements**

a. Restitution: Payment to the Institute or to an affected party for damages resulting from a violation of the Student Code of Conduct.

b. Fine: A monetary penalty paid to the Institute.

c. Grade Change: Change of grade for the course and/or coursework in which the academic misconduct occurred.

d. Programmatic Requirements: Required completion of designated educational programs (e.g., alcohol, community issues, anger management, assessments, etc.).

e. Restrictions: Exclusion from participation in specified services and activities.

f. Revocation of Admission and/or Degree: Admission to, or a degree awarded from the Institute may be revoked for fraud, misrepresentation, or other violation of Institute standards in obtaining the degree, or for other serious violations committed by a Student prior to graduation.

g. Withholding Degree: The Institute may withhold awarding a degree otherwise earned until the completion of the process set forth in this Student Code of Conduct, including the completion of all Sanctions and Supplementary Requirements, if any.

h. Other Requirements: Other Requirements may be imposed.

## F. INTERIM SUSPENSION

In certain circumstances the Dean of Students may impose an Institute suspension prior to the investigation and resolution process.

1. The Dean of Students will determine if interim suspension is warranted. Interim suspension may be imposed only:

- To ensure the Student's physical or emotional safety and well-being; or
- To ensure the safety and well-being of members of the Institute Community or to preserve Institute property; or
- If the Student poses a definite threat of disruption of, or interference with the normal operations of the Institute; or
- If the Student is charged with a felony.

2. During the interim suspension the Student may be denied access to classes, campus facilities, and all other Institute activities or privileges.

3. The Student shall be notified in writing of this action and the reasons for the Suspension, in accordance with Section F.1. The notice should include the time, date, and place of a subsequent meeting with the Dean of Students in order for the student to show cause why he/she should not be interim suspended.

4. Cases of interim suspension shall be given priority and will be expedited through the Conduct process.

## G. APPEAL PROCEDURES

**1. Reasons for Appeal**
The appeal process is not intended to grant a new hearing at a higher level. An appeal shall be limited to a review of the record of the initial hearing, supporting documents, and the Accused's written appeal. The Accused must explicitly state why he or she believes an appeal is warranted. Appeals will only be considered for the following reasons:

a. To determine whether the original hearing was conducted fairly and in conformity with prescribed procedures;
b. To determine whether there was sufficient evidence to support the decision;
c. To determine whether the Sanctions and Supplementary Requirements imposed were appropriate for the violation for which the Student was found responsible; and/or
d. To determine whether new Information, not available at the time of the hearing, is relevant to the final decision.

**2. Process**
If a case is appealed, sanctions are not imposed unless the welfare of a person or the community is threatened.

Sanctions will be imposed if an appeal is not filed, the deadline for an appeal passes, or when an appeal decision has been finalized.

The appeal must be written by the Accused, addressed to the appropriate Appellate Officer, and delivered to the Office of Student Integrity within five (5) business days of the delivery of the decision. Appeal decisions will normally be rendered within ten (10) business days either in person, or accordance with the

communication guidelines in Section D.2. Extension of these deadlines may be granted for extenuating circumstances. At the discretion of the Appellate Officer, a designee may be selected to determine the outcome of the appeal.

For all decisions made by the Office of Student Integrity, the Appellate Officer shall be the Dean of Students.

For all academic cases where the sanction includes suspension or expulsion, Undergraduate Students may, after an appeal to the Dean of Students, appeal to the Institute President, via the Vice Provost for Undergraduate Education. The Vice Provost for Undergraduate Education will review and make a recommendation to the Institute President. The Institute President's decision will be the final decision of the Institute.

For all academic cases where the sanction includes suspension or expulsion, Graduate Students may, after an appeal to the Dean of Students, appeal to the Institute President, via the Vice Provost for Graduate Education and Faculty Affairs. The Vice Provost for Graduate Education and Faculty Affairs will review and make a recommendation to the Institute President. The Institute President's decision will be the final decision of the Institute.

For all non-academic cases where the sanction includes suspension or expulsion, the Student may, after an appeal to the Dean of Students, appeal to the Institute President, via the Vice President for Student Affairs. The Vice President for Student Affairs will review and make a recommendation to the Institute President. The Institute President's decision will be the final decision of the Institute.

### 3. Appeal Decisions

Decisions of the Appellate Officer go into effect immediately. The Appellate Officer is authorized to take one of the following actions:

a. dismiss the appeal for failure to state valid reasons, in accordance with Section G.1.
b. find no error and uphold the original decision;
c. uphold the original decision, but modify Sanctions and Supplementary Requirements;
d. remand the case to a Student Conduct Administrator or Student Conduct Panel; or
e. reverse the original decision.

### 4. Board of Regents

The Board of Regents of the University System of Georgia (the "Board") is the final appellate authority for all cases of suspension or expulsion that have been reviewed by the Institute President. Should the Accused be dissatisfied with the decision of the Institute President, he/she may apply to the Board for a review of the decision. The application for review shall be submitted in writing to the executive secretary of the Board within the period specified by the Board of Regents.

## H. RECORD KEEPING AND RELEASE OF INFORMATION

### 1. Maintenance of Disciplinary Files

Disciplinary records of Students found responsible of any charges against them will be retained for five (5) years after graduation or date of last attendance. Disciplinary records containing records of Suspension and Expulsion will be permanently retained. A case referral results in the creation of a disciplinary file in the name of the Accused. This file shall be voided if the student is found not responsible for the charges.

### 2. Release of Information

Student disciplinary records shall be governed by the Family Educational Rights of Privacy Act 20 U.S.C.

§ 1232g.

a. Academic or non-academic misconduct resulting in expulsion is released to third parties indefinitely.
b. Academic misconduct that resulted in suspension is released to third parties for five years after sanction completion.
c. Any non-academic misconduct that resulted in suspension where a potential threat to the campus community exists (including but not limited to illegal drug distribution, endangering or harming any person, or jeopardizing the safety of any person) is released to third parties for five years after sanction completion. In instances of suspension where no threat to the community is identified, the suspension is reported until the sanction is complete.
d. Any academic or non-academic misconduct that did not result in suspension or expulsion is not released to third parties.
e. The Institute requires a specific written request from the student to release the entire disciplinary record to third parties.

**3. Parent/Legal Guardian Notification**

Parents/Legal Guardians of Students under the age of 21 may be notified when a Student is found responsible for violating the Georgia Tech Student Policy on Alcohol and other Drugs when any of the following occur:

a. A Student endangers himself/herself or others while under the influence of alcohol or other substances. Specific instances include driving under the influence, fighting, alcohol poisoning, and hospitalization.
b. When the Dean of Students determines that any future violation of Institute Policy will most likely result in suspension from the Institute.
c. When a Student Conduct Administrator determines that any future violation of Institute Policy will likely result in removal from housing.

**4. Transcript Encumbrances**

In pending cases that could result in Suspension or Expulsion, the Dean of Students will normally place a temporary encumbrance (hold) on a Student's records. The Dean of Students will also place a hold on a Student's records if the Student fails to respond to an official request to meet or if the Student fails to complete assigned Sanctions.

## I. REFERENCES

Academic Honor Code: www.honor.gatech.edu
Board of Regents: www.usg.edu/policymanual/
Computer Use and Network Policy: www.security.gatech.edu
Department of Housing: www.housing.gatech.edu
Faculty Senate: www.Facultysenate.gatech.edu
Office of the Dean of Students: www.deanofstudents.gatech.edu/
Office of Student Integrity: www.osi.gatech.edu
Title IX Information: www.ohr.gatech.edu/ers/titleix

The following policies can be found on the OSI Web site: Alcohol and Drugs Policy Georgia Tech Policy on Student Sexual Misconduct

Policy History:

| Revision Date | Author | Description |
|---|---|---|
| | | |

| | | |
|---|---|---|
| April 2015 | Office of Student Integrity | Discriminatory Conduct Provision added to policy |
| March 2015 | Office of Student Integrity | Added designee language to appeals section |
| 04-22-2014 | Office of Student Integrity | Code of Conduct posted |