IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| John Doe. | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| V. | ) | 1:15-CV-4354-RWS |
| | ) | |
| The Board of Regents for the | ) | |
| University System of Georgia. | ) | |
| G.P. "Bud" Peterson. | ) | |
| John Stein. and Peter | ) | |
| Paquette. in their individual and | ) | |
| official capacities and Reta | ) | |
| Pekowsky as agent of the Georgia | ) | |
| Institute of Technology) | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

### I.  STATEMENT OF FACTS

Plaintiff was alleged to have committed the act of non-consensual sexual intercourse upon another male student.  (Doc. 1 ¶ 6).  He was found responsible for this conduct and expelled.  *Id*.  He appealed this decision to the Appellate Committee that voted to reverse the decision of the Office of Student Integrity. (Doc. 1 ¶ 10).  The alleged victim appealed this decision to the President of Georgia Tech who reversed the decision of the appellate committee and affirmed the expulsion.  *Id.* The Plaintiff appealed this decision to the Board of Regents.  *Id.*

The Board of Regents vacated the President's decision and remanded the matter back to Georgia Tech.  The Appellate Committee again heard the matter and upheld the finding of the Office of Student Integrity and the expulsion.  (Doc. 1 ¶ 11) The Plaintiff appealed to the President of Georgia Tech who affirmed the decision of the Appellate Committee.  *Id.*  The Plaintiff appealed the decision of the President to the Board of Regents.  (Doc. 1 ¶ 12) The Board of Regents has reversed the decision and sanction and has reinstated the Plaintiff.  (Exhibit 1. Affidavit Kimberly Ballard-Washington ¶ 10 )

## II. ARGUMENT AND CITATION OF AUTHORITY

A preliminary injunction is an extraordinary and drastic remedy. *United States v. Jefferson County*. 720 F.2d 1511. 1519 (11th Cir. 1983). whose sole purpose is to preserve the relative position of the parties until a trial on the merits can be held.  *University of Texas v. Camenisch*. 451 U.S. 390. 395 (1981).  The traditional standards for granting preliminary injunctive relief. which are applied in this Circuit. are that the movant must show (1) a substantial likelihood that he or she will ultimately prevail on the merits; (2) that he or she will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that if issued. the injunction would not be adverse to the public interest.  *Baker v. Buckeye Cellulose Corp.*. 856 F.2d 167. 169 (11th Cir. 1988).

2

## A.   PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF IS MOOT.[1]

Plaintiff complains that he was expelled from Georgia Tech improperly.  In his request for preliminary injunctive relief he asks that the Court. "grant a preliminary injunction enjoining Defendants from enforcing a decision to expel him from the Georgia Institute of Technology and allowing him to attend class when the spring semester begins on January 11. 2016. (Doc. 3 p. 1).   At the time Plaintiff filed his complaint and his motion. his appeal to the Board of Regents seeking to overturn the decision to expel him was still pending. (Doc. 1 ¶ 12).  The Board of Regents has now heard the appeal and has made the decision to overturn the President. by reversing the finding and the sanction of expulsion and reinstating the Plaintiff.  As a result of this. Plaintiff's request for preliminary injunctive relief is moot.

Article III of the Constitution extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'  [This] restriction imposes what are generally referred to as 'justiciability' limitations . . .  composed of 'three strands': standing. ripeness. and mootness.  The failure of any one of these strands can deprive a

---

[1] Counsel for Defendants was advised on Thursday that the Organization and Law Committee would meet on January 4. 2015.  As the results of this meeting were not a foregone conclusion. Counsel had to presume either outcome in preparation for the response to the Motion for Preliminary Injunction.  The request for extension to allow for a substantive response was thus not in bad faith.

federal court of jurisdiction." *Strickland v. Alexander*. 772 F.3d 876. 882-883

(11th Cir. Ga. 2014) (citations omitted).

In *South Miami Holdings. LLC v. FDIC*. 533 Fed. Appx. 898. 902 (11th Cir.

2013). the Eleventh Circuit Court of Appeals stated:

> A case is moot when the issues presented are no longer 'live' or the
> parties lack a legally cognizable interest in the outcome. . . [i.e.] when
> it no longer presents a live controversy with respect to which the court
> can give meaningful relief.

As the preliminary relief Plaintiff seeks from this Court has been provided through

the Board of Regents Due Process. his request of this Court is moot and should be

denied.

## B. PLAINTIFF DOES NOT HAVE A SUBSTANTIAL LIKELIHOOD OF PREVAILING ON THE MERITS

Plaintiff raises nine claims in his complaint.  Specifically Plaintiff claims

that Defendants violated his right to Due Process (Count 1);  engaged in a Breach

of Contract (Count II) and breached the covenant of good faith and fair dealing

within the contract (Count III); estoppel and reliance based upon a breach of

contract (Count IV); Negligence (Count V); Negligence Per Se (Count VI);

violated Title IX (Count VII) ; violated the Equal Protection Clause pursuant to 42

U.S.C. § 1983(Count VIII); violated the Equal Protection Clause pursuant to 42

U.S.C. § 2000e-2 (Count IX).  Plaintiff does not have a substantial likelihood of prevailing on the merits on any of these claims.

## 1.  COUNTS II. III. IV. V AND VI ARE BARRED BY BOTH ELEVENTH AMENDMENT  AND SOVEREIGN IMMUNITY

Plaintiff alleges that the Board of Regents committed Negligent Acts and Claims for Breach of Contract.  Even if the State of Georgia has waived its immunity in state court. the State has not waived its Eleventh Amendment immunity from such suits in federal court.  "It is well established that. absent an express waiver by the state. the Eleventh Amendment bars state law claims against a state in federal court." *Maynard v. Bd. of Regents*. 342 F.3d 1281. 1287 (11th Cir. 2003) (Citing and quoting. *Pennhurst State School & Hosp. v. Halderman*. 465 U.S. 89. 98-99 (1984).  The Georgia Constitution provides that "[n]o waiver of sovereign immunity . . . shall be construed as a waiver of any immunity provided to the state or its departments. agencies. officers. or employees by the United States Constitution."  Ga. Const. Art. 1. 2. Para. 9(f). reprinted in 2 Ga. Code Ann. (1996 Supp.).

Indeed the Eleventh Circuit specifically found that such claims are barred by the Eleventh Amendment.  *Barnes v. Board of Regents*. 669 F.3d 1295. 1308  (11th Cir. 2012) (Georgia has not waived its Eleventh Amendment Immunity from suit in federal court for breach of contract claims) ; *See also Maynard v. Bd. of*

*Regents.* 342 F.3d 1281 (11th Cir. 2003) (absent express waiver claims against the state for breach of contract are barred by the Eleventh Amendment); *Robinson v. Georgia Dep't of Transp..* 966 F.2d 637 (11th Cir. 1992) (Georgia expressly preserved its Eleventh Amendment immunity for claims brought in Tort). Because Plaintiff's breach of contract and Tort claims are barred by the Eleventh Amendment. the Plaintiff does not have a substantial likelihood of prevailing on the merits on these claims and they do not provide a basis for an injunction.[2]

## 2. PLAINTIFF HAS FAILED TO STATE A VALID CLAIM FOR A VIOLATION OF HIS DUE PROCESS RIGHTS

It is well-founded that "[a] person is not entitled to procedural due process unless he is deprived of an interest in life. liberty. or property. *Bd. of Curators. Univ. of Mo. v. Horowitz.* 435 U.S. 78. 84 (1978).   The Supreme Court of the United States has also emphasized that "courts should refrain from second guessing the disciplinary decisions made by school administrators.*" Davis v. Monoe Cty.Davis v. Monoe Cty..* 526 U.S. 629. 648 (1999).  Plaintiff provides no reason to deviate from this rule.

---

[2]  Even if these claims had been brought in the State's courts they would be barred by sovereign immunity.  The Plaintiff has not attached a copy of his ante litem notice to his complaint.  See O.C.G.A. § 50-21-26 (a) (5) (A through F).  There is no waiver of sovereign immunity for claims brought for breach of contract based upon the Board of Regents' failure to follow student discipline procedures. *Board of Regents v. Barnes.* 322 Ga. App. 47 (2013).

Although courts have declined to directly address whether receiving post-graduate education rises to the level of a liberty or property interest. the courts have determined that students enjoy *some* level of due process protection. particularly where a student is subject to disciplinary penalties.  *Bd. Of Curators*. *supra*. 435 U.S. at 86-87. Such protection is limited by the nature and circumstances of the disciplinary action.  For instance. students "have the right to respond [to the charges]. but their rights in the academic disciplinary process are not co-extensive with the rights of litigants in a civil trial or with those of defendants in a criminal trial." *Nash v. Auburn University*. 812 F.2d 655. 664 (11th Cir. 1987) (*citing Goss v. Lopez*. 419 U.S. 565. 583 (1975)).  In addition. "the adequacy of the notice and the nature of the hearing vary according to an appropriate accommodation of the competing interests involved." *Id.* at 660 (citations and quotations omitted).  Thus. the student is not necessarily entitled to a "full-dress judicial hearing. with the right to cross-examine witnesses… [but] should be given the opportunity to present to the Board. **or at least an administrative official of the college. his own defense against the charges and to produce either oral testimony or written affidavits of witnesses in his behalf**." *Dixon v. Ala. State Bd. of Educ.*. 294 F.2d 150. 159 (5th Cir. 1961) (emphasis added).   There is no contention that the Plaintiff was unable to present his story. his own defense or provide written statements or affidavits on his own

7

behalf.  Indeed the allegations show the exact opposite.  Specifically Plaintiff alleges that prior to the original finding he was provided an opportunity to tell his story to an administrator (Peter Paquette) on two occasions.  There is no contention that Paquette refused to listen or consider his response.  While he does allege he felt rushed he does not allege that he was unable to provide any relevant information before or after the meeting.   After the original finding: 1) he appealed and the finding was reversed; 2)the alleged victim appealed and the finding was reinstated; 3) he appealed and the decision was vacated; 4) the matter was reheard and the original finding was reinstated; 5) he appealed and the finding was affirmed; 6) the matter was appealed again to the Board of Regents and now the decision was reversed.  Plaintiff has indeed received notice and an opportunity to be heard.

Plaintiff's Due Process claims fall into essentially several categories.  First. Plaintiff complains that the process that was provided was inadequate.  He suggests that the failure to provide him with the names of the witnesses interviewed. the inclusion of some statements of the witnesses. and the failure to provide him an adequate opportunity to review the information provided and inadequate protection of his right to attend Georgia Tech.  Third Plaintiff contends that Defendants did

not follow GA Tech's process in that the alleged victim's claims were heard out of time and finally he complains that the appellate process was flawed.

Plaintiff's chief complaint regarding the variance in policies is his assertion that the complainant's accusations were untimely.  Both Title IX and GA Tech's policy require a prompt investigation of claims of sexual misconduct. *See* 34 C.F.R. § 106.8 (Title IX regulation requiring  educational institutions to adopt and publish grievance procedures that provide for the "prompt and equitable" investigation and resolution of sexual misconduct allegations); U.S. Dep't of Ed.. Office for Civil Rights. 'Dear Colleague' letter (April 4. 2011). available at http://www2.ed.gov/about/offices/list/ocr/letters/colleague-201104.html.  Among other things OCR decreed that when a college or University "knows or reasonably should know about student-on-student harassment that creates a hostile environment" the college must "take immediate action to eliminate the harassment. prevent its recurrence and address its effects." *Id.* At 4. 15.  Moreover. the OCR requires that institutions adopt a preponderance of the evidence standard. *Id.* at 11. These requirements were further clarified by the United States' Office of Civil Rights in the "Questions and Answers on Title IX and Sexual Violence." (Apr. 29. 2014) available at https://www2.ed.gov/about/offices/list/ocr/docs/qa-201404-title-ix.pdf.   Neither GA Tech nor the Department of Justice establish a statute of

limitations for such an investigation and resolution of a claim of sexual misconduct.   Moreover. while Plaintiff concludes that the Student Code of Conduct applies he has no factual support for this conclusion.  He does cite to the provisions of the sexual misconduct policy that evidence the requirement that all complaints of sexual misconduct must be investigated and responded to. (Doc. 1 ¶ 42-44).  Nowhere does he suggest that this policy carries a statute of limitation or that due process requires such a limitation.

Plaintiff's second complaint is that he did not have a verbatim account of the adverse witnesses but instead had to rely on written summaries of interviews and that he was not identity of the witnesses until before his meeting with Paquette. Plaintiff does not allege that these summary accounts were inaccurate or did not include parts of the witness' statements.  He just generally complains that he should have had a different form of report.  The reality is he was given a summary and the opportunity to respond to the summary prior to his final interview with Paquette.  Absent some evidence or allegation that the summaries were inaccurate or falsified there is no indication that a different mode of presentation would have altered the scope of his response nor is there any authority to support that more information is required.  Plaintiff fails to provide any evidence that he would have provided but was unable to do so because of the method or timing of delivery.

Moreover direct examination is strongly discouraged. *Questions and Answers on Title IX and Sexual Violence*. OCR states:

Q: May every witness at the hearing. including the parties. be cross-examined?
A: OCR does not require that a school allow cross-examination of witnesses. including the parties. if they testify at the hearing. But if the school allows one party to cross-examine witnesses. it must do so equally for both parties.

OCR strongly discourages a school from allowing the parties to personally question or cross-examine each other during a hearing on alleged sexual violence. Allowing an alleged perpetrator to question a complainant directly may be traumatic or intimidating. and may perpetuate a hostile environment. *Id* at 31.

Plaintiff contends that Georgia Tech failed to follow its own process and as a result failed to provide adequate process. Courts have been clear that there is no constitutional right to policy and that the failure to comply with a state created policy does not equate to a violation of Due Process. *Davis v. Scherer*. 468 U.S. 183. 193-96  (1984).

The threshold question in a procedural due process analysis asks whether the challenged government action deprived the claimant of a liberty or property interest that is protected by the due process clause. *Brock v. Roadway Express. Inc.*. 481 U.S. 252 (1987)(citing *Cleveland Bd. of Educ. v. Loudermil*l. 470 U.S. 532. 538-39. 105 S. Ct. 1487. 1491-92 (1985)); *Board of Regents v. Roth.* 408 U.S. 564. 576-78. 92 S. Ct. 2701. 2708-10. 33 L. Ed. 2d 548 (1972).  Minimum due

11

process requires that before an individual may be deprived of property he be given notice and an opportunity for a hearing. *See Mullane v. Central Hanover Bank and Trust Co.. 339 U.S. 306 (1950)*. The notice must be "reasonably calculated. under all the circumstances. to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314. Plaintiff does not contend that he was not told of the allegations. the name of the victim or the nature of the potential penalty.  Instead he complains that the investigation was not as thorough as he believed it should be and he thinks his evidence wasn't given appropriate weight.  Yet. by his own admission. he was given an opportunity to meet with Paquette. provide his account of events and any evidence. appeal the finding first to a committee. then to the President and then to the Board of Regents not once but twice.  Moreover there's no allegation that he wasn't given opportunity to provide his own statements or evidence to the decision maker of witnesses he believed to have value.

Plaintiff's complains that the process was biased.   The evidence he offers in support of this amounts to little more than he received an adverse finding and others did as well.  He offers no evidence that any other instance was biased other than the contention that the results were not favorable to the accused.  A biased decision maker is "constitutionally unacceptable."   *Withrow v. Larkin.* 421 U.S. 35. 46-47 (1975).  The court may not. however. infer that the Defendants were

biased against Plaintiff.  Any alleged prejudice on the Defendants must be evident

from the record and cannot be based in speculation or inference.  *Duke v. North*

*Texas State University*. 469 F.2d 829. 834 (5th Cir. 1972).  Here that's all Plaintiff

offers.  In a conclusory fashion he avers that the decision makers were biased.  He

supports his claim by suggesting that since others were disciplined  that equates to

bias.  He provides newspaper articles that conclude that others were treated

unfairly and uses this to bolster his conclusory claim but offers no non-conclusory

factual allegations to establish that bias existed in those processes or in the case at

bar.  Without more factual support this claim cannot survive.

3. **PLAINTIFF FAILS TO STATE A CLAIM FOR A VIOLATION OF THE EQUAL PROTECTION CLAUSE**.[3]

---

[3] Plaintiff also alleges a violation of the Equal Protection Clause pursuant to 42 U.S.C. § 2000e.  Title VII prevents an employer from discriminating against an employee because of his national origin. 42 U.S.C. 2000e-2(a)(1). A plaintiff may establish a Title VII claim through (1) direct evidence of discrimination. or (2) circumstantial evidence that creates an inference of discrimination. *Bass v. Bd. of County Comm'rs*. 256 F.3d 1095. 1103 (11th Cir. 2001). We use the framework established in *McDonnell Douglas Corp. v. Green*. 411 U.S. 792. 802-04. 93 S. Ct. 1817. 1824-25. 36 L. Ed. 2d 668 (1973). to evaluate Title VII claims that are based on circumstantial evidence of discrimination. *See Holifield v. Reno*. 115 F.3d 1555. 1561-62 (11th Cir. 1997)  Under that framework. a plaintiff first must establish a *prima facie* case of discrimination based on disparate treatment. *Id*. at 1562. A plaintiff establishes a *prima facie* case of disparate treatment discrimination under Title VII by showing: "(1) []he is a member of a group protected by Title VII; (2) []he was qualified for the position or benefit sought; (3) []he suffered an adverse effect on h[is] employment; and (4) []he suffered from a differential application of work or disciplinary rules." *Spivey v. Beverly Enters*.. 196 F.3d 1309. 1312 (11th Cir. 1999). If the plaintiff successfully establishes a *prima facie* case. the burden shifts to the defendant/employer to articulate a legitimate. non-discriminatory

The Equal Protection Clause requires only that "all persons similarly circumstanced shall be treated alike." *Plyer v. Doe*. 457 U.S. 202. 216 (1982). To establish an equal protection claim. a plaintiff must show that similarly situated persons have been treated differently and that the defendant's actions were motivated by an unlawful factor. *Mickens v. Tenth Judicial Circuit*. 181 Fed. Appx. 865. 878 (11th Cir. 2006); *Walker v. Cromartie*. 287 Ga. 511. 512 (2010).  In this context. "similarly situated" requires some specificity. *Campbell v. Rainbow City*. 434 F.3d 1306. 1314 (11th Cir. 2006). The comparator must be similarly situated in all relevant respects. *Griffin Indus.. Inc. v. Irvin*. 496 F.3d 1189. 1202-03 (11th Cir. 2007).   Even then. equal protection is denied only when the challenged conduct was motivated by an intent to discriminate. *Wash. v. Davis*. 426 U.S. 229. 239-48 (1976).  Plaintiff does not come close to meeting this standard.   Here. Plaintiff offers no comparator.  While he theorizes that no woman would be subjected to similar consequence he offers no facts to support this theory.  There is

---

reason for the challenged employment action. *Holifield*. 115 F.3d at 1564. If the defendant articulates a legitimate. non-discriminatory reason. the presumption of discrimination is eliminated and the plaintiff must come forward with evidence sufficient to permit a reasonable fact finder to conclude that the reasons given by the employer were pretextual. *Id*. at 1565.   The only facts that Plaintiff profers to support this claim is that he was not allowed to keep his University job because he'd been expelled.  Without more Plaintiff has not even made a prima facie case and even if he had his expulsion would clearly evidence an alternate reason behind his termination.

no allegation that a woman was charged with non-consensual intercourse and treated differently as a result.  Plaintiff's claim has no merit.

Further. an equal protection claim also requires a showing that a plaintiff has been the victim of intentional discrimination.  *Batson v. Kentucky*. 476 U.S. 79. 90 (1986).  The United States Supreme Court stated in *Massachusetts v. Feeney*. 442 U.S. 256 (1979) that the requisite discriminatory purpose must be "more than intent as volition or intent as awareness of consequences...It implies that the decisionmaker...selected or reaffirmed a particular course of action at least in part. 'because of.' not merely 'in spite of.' its adverse effects upon an identifiable group."  *Id*. at 279. (cite omitted) *See also. Greene v. Georgia Pardons and Parole Board*. 807 F. Supp. 748. 755 (N.D. Ga. 1992)(Plaintiff needs to set forth "exceptionally clear proof" to raise an inference of discriminatory purpose). Plaintiff  has not presented any evidence whatsoever that the Defendants intended to discriminate against him.  Therefore. Plaintiff's equal protection claim fails.

Finally. in order to prevail on his equal protection claim. Plaintiff must show that the Defendants had no rational justification for their actions.  *Garrett*. 531 U.S. at 366-67.  The Defendants may discriminate against Plaintiff if they have a legitimate interest in doing so.  *Id*. at 367.  It is incumbent upon Plaintiff. however. to show that there is no reasonably conceivable state of facts that could

provide a rational basis for the alleged classification/discrimination. *see F.C.C. v. Beach Communications. Inc.*. 508 U.S. 307. 313 (1993). and he is unable to do so.

Under a rational basis review. the Court identifies a legitimate government purpose and determines whether a rational basis exists for the government to believe that its action would further the government purpose. *Heller v. Doe by Doe.* 509 U.S. 312. 319-20. (1993*); see also Cook v. Riley*. 208 F.3d 1314. 1323 (11th Cir. 2000) (holding that the Bureau of Prisons did not violate the Equal Protection Clause by excluding prisoners convicted under § 922(g) from consideration for a discretionary reduction in sentence. because it neither imposed upon a fundamental right nor isolated a suspect class and it rationally furthered the legitimate governmental objective of preventing the early release of potentially violent criminals).

The Defendants had rational reasons for taking action against Plaintiff. First. Plaintiff was alleged to have committed a sexual assault.  The University has an obligation to provide its students with a safe environment.  In fact. the University has a legal responsibility to protect its students from known potential risks of harm.  *See Williams*. 441 F.3d 1287. 1298 (concluding that the University could be held liable under Title IX where it was alleged that a basketball player.

who the University had notice of his prior misconduct. allegedly orchestrated the rape of another student).

The University is on notice that Plaintiff was claimed to have sexually assaulted another student.   If the University had taken no action. the University could arguably be held liable.  For these reasons. Plaintiff has failed to show the absence of a rational basis for the alleged discrimination because the Defendants had a significant interest in taking action against Plaintiff.  Therefore. plaintiff's Equal Protection claim cannot survive as a matter of law.

Plaintiff also suggests that the University is more inclined to treat accused students harshly because of the impact on public relations.  This too is a rational reason for University conduct and thus refutes Plaintiff's equal protection claims.

### 4.  **PLAINTIFF HAS NOT STATED A VALID TITLE IX CLAIM**.

Title IX to the Higher Education Amendment Act of 1972 provides in pertinent part: "No person in the United States shall. on the basis of sex. be excluded from participation in. be denied the benefits of. or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C.  § 1681(a).  The statute itself does not provide for a private right of action.  Nevertheless. the Supreme Court of the United States has implied a

private right of action in "certain limited circumstances"—where a recipient of federal funding engages in intentional discrimination that violates the clear terms of the statute. *Davis v. Monroe County Bd. of Educ.*. 526 U.S. 629. 642-43 (1999).

A plaintiff seeking recovery for a violation of Title IX based on student-on-student harassment must prove four elements: the defendant must be a Title IX funding recipient; an "appropriate person" must have actual knowledge of the discrimination or harassment the plaintiff alleges occurred; a funding recipient acts with deliberate indifference to known acts of harassment in its programs or activities; the discrimination must be so severe. pervasive. and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit. *Williams v. Ga. Bd. of Regents*. 477 F.3d 1282. 1293 (11th Cir. 2007). The first element is not in dispute.  As to the remaining element. Plaintiff fails to allege sufficient facts to state a claim.

The crux of Plaintiff's claim is that the process used for investigation of allegations of sexual misconduct resulted in unfair treatment.  He generally complains that the investigation itself was poorly done.  None of the facts as alleged suggest that these. "flaws" were initiated as result of intentional discrimination because of the Plaintiff's gender.   At best Plaintiff's allegations suggest that the process and policies disproportionately impact male students.  This

18

impact is a product of the type of claim addressed not discrimination based on gender.  Simply stated. there is no "disparate impact" claim under Title IX.  While a disparate impact claim may be brought pursuant to Title VII. courts have held that disparate impact claims may not be brought under Title VI and IX.  *Doe v. Columbia University.* 2015 U.S. Dist. 52370 *22 (S.D.N.Y. April 21. 2015). The Supreme Court has found there to be a cause of action where a University has actual notice of sex-based discrimination and is deliberately indifferent to it.  *Davis v. Monroe County Bd. of Ed..* 526 U.S. 629. 633 (1999).  Neither the United States Supreme Court nor the Eleventh Circuit have found that allegations of procedural flaws combined with a suggestion of gender bias give way to a cause of action for erroneous outcomes.  Indeed to do so would arguably cause courts to become the ultimate arbiter in the re-adjudication of claims involving sexual misconduct.

Essentially Plaintiff suggests that the investigation was unfair and resulted in an erroneous outcome.  Assuming for the sake of argument that such a claim exists. Plaintiff fails to tie the outcome to intentional gender based discrimination. Plaintiff makes numerous conclusory allegations regarding theorized motivations. there is no factual support for these conclusions.  This contention is extremely perplexing in light of the fact that both students involved were male.

Plaintiff suggests that an erroneous outcome was reached in his case and that the punishment was disproportionate to the offense. the issue is whether that outcome and punishment were motivated by sex or gender bias. *See Brzonkala v. Virginia Polytechnic Institute.* 132 F.3d 949. 961 (4th Cir. 1994) *overturned on other grounds by Brzonkala v. Virginia Polytechnic.* 169 F.3d 820(4th Cir. 1999)(*en banc*); *See also  Yusaf v. Vassar College.* 35 F.3d 709. 715 (2d Cir. 1994)(allegations of procedurally or otherwise flawed proceeding that has led to an adverse and erroneous outcome combined with a conclusory allegation of gender discrimination in not sufficient to survive a motion to dismiss).  Absent some tie of the allegedly erroneous outcome to a gender bias there's no claim.

Here. Plaintiff fails to allege any particular circumstances that show that gender bias was a factor in the allegedly erroneous finding or consequence.  The policy requiring expulsion upon a substantiated finding makes no reference to gender and there is no allegation or suggestion that the investigation would have been conducted differently if the complainant were a man or a woman.  Indeed. Plaintiff's complaint that the other students accused of sexual misconduct by female students belies any support he could have for misapplication of policy based upon gender.   Indeed Plaintiff's own evidence suggests that to the extent the investigative process might be flawed this flaw carries to situations where gender

and sexual orientation isn't an issue. (Doc. 1 ¶ 296).  Plaintiff  also attempts to

bolster his claim by offering evidence that the University's investigation of a claim

regarding an investigation of a fraternity for the alleged use of racially

inflammatory language.  *See http://www.wsbtv.com/news/news/local/georgia-tech-*

*fraternity-suspended-over-yelling-rac/nn3cR/.*  Nothing about that case marginally

suggests gender bias.

Plaintiff's other scant offerings of gender bias include anecdotal media

reports of "unfair" treatment of those who are accused of sexual assault.  Plaintiff

suggests this unfair treatment stems from inflammatory news reports of Georgia

Tech's treatment who claim sexual assault.  Plaintiff avers that this unfavorable

press caused Georgia Tech to effectively find against men who are accused of

sexual assault in order to distance itself as an institution from these reports.  (doc. 1

¶ 291-295). Assuming these motivations are true. there is nothing about them that

suggests gender bias.  To the contrary. a University's desire to maintain a positive

public image has absolutely nothing to do with gender.

Plaintiff does not have a substantial likelihood of prevailing on the merits of

his Title IX claim.

## C. PLAINTIFF HAS NOT ALLEGED IRREPARABLE HARM

As an initial matter. when a plaintiff has not shown a likelihood of success on the merits. claims for irreparable injury based on an alleged constitutional injury have no merit. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*. 305 F.3d 566. 578 (6th Cir. 2002). Because Plaintiff has failed to show that it is likely to succeed on the merits of its claims. it has necessarily failed to establish irreparable harm. *See id.*

Plaintiff alleges that he will be unable to complete his academic program if he is not immediately reinstated. As an initial matter. this simply is not true.

A showing of irreparable injury is "the *sine qua non* of injunctive relief." *Siegel v. LaPore*. 234 F.3d 1163 (11th Cir. 2000). It cannot be presumed. even where there is a violation of constitutional rights. *See Siegal*. 234 F.3d at 1177. An injury is "irreparable" only if it cannot be undone through monetary remedies. "The key word in this consideration is *irreparable.* Mere injuries. however substantial. in terms of money. time and energy necessarily expended in the absence of a stay. are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date. in the ordinary course of litigation. weighs heavily against a claim of irreparable harm." *Sampson.* 415 U.S. 61. 90 (1973); *Northeastern Florida Chapter v. City of Jacksonville.* 896

F.2d 1283. 1285 (11th Cir. 1990). *See Ferrero v. Associated Materials. Inc..* 923 F.2d 1441. 1449 (11th Cir. 1991); *Spiegel v. City of Houston.* 636 F.2d 997. 1001 (5th Cir. 1981). *See also. Cate v. Oldham.* 707 F.2d 1176. 1189 (11th Cir. 1983).

Plaintiff has been reinstated.   Even if he hadn't been reinstated prior to the beginning of the semester. he would have been able to complete his academic program had he ultimately prevailed. *See* Ex. 2. Affidavit Dr. Lakshmi Sankar. As Plaintiff fails to show irreparable harm his preliminary injunction should be denied.

## D.   THE DAMAGE TO DEFENDANTS OUTWEIGHS ANY ALLEGED INJURY TO PLAINTIFF

A plaintiff bears the burden of showing that the perceived injury outweighs the damages that the preliminary injunction might cause defendants. *Baker v. Buckeye Cellulose Corp..* 856 F.2d 167. 169 (11th Cir. 1988).   Here there is no reason for the Court to intrude on the University's operations.  Such an intrusion is unwarranted as Plaintiff utilized available process to obtain the requested relief. The Court's intrusion into the operation of the school would necessarily impact the autonomy of the Board of Regents.   Plaintiff has failed to meet this burden.

## E.   A PRELIMINARY INJUNCTION WILL NOT SERVE THE PUBLIC INTEREST

Plaintiff also bears the burden of showing that the preliminary injunction would serve the public interest. *Baker*. 856 F.2d at 169.   Indeed the burden in on

the Plaintiff to show that. "the public interest would not be disserved." *Ebay v. MercExchange*. 547 U.S. 388. 390 (2006).   Plaintiff has not provided any support for the proposition.  While Plaintiff claims that he was treated unfairly the public has an interest in avoiding intrusion by the courts in State processes.   There is nothing about the facts of the complaint or Plaintiff's argument that supports the findings that the grant of this motion is in the public's best interest.

## III. CONCLUSION

As Plaintiff has not met its burden of proof related to any of the standards required for a preliminary injunction his motion should be denied.

Respectfully submitted this 4th day of January. 2016.

|                          |        |
|--------------------------|--------|
| SAMUEL S. OLENS          | 551540 |
| Attorney General         |        |
|                          |        |
| KATHLEEN M. PACIOUS      | 558555 |
| Deputy Attorney General  |        |
|                          |        |
| /s/DEVON ORLAND          | 554301 |
| Senior Assistant Attorney General | |

CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D). I hereby certify that the foregoing has been
prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman type
face**.**

> s/Devon Orland
> bar no. 554301
> Sr. Assistant Attorney General

40 Capitol Square. S.W.
Atlanta. GA 30334-1300
(404) 463-8850 (Telephone)
(404) 651-5304 (Fax)
Email:  dorland@law.ga.gov

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day January 4. 2016 served the within and foregoing **RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Jonathon Hawkins
Christopher Adams
Andrew Miltenberg
Jeffrey Berkowitz

<u>s/ Devon Orland</u>
Bar No. 554301
Counsel for Defendants